*228 Pfeifer, J.,
dissenting.
{¶ 51} This is the Supreme Court, and when the opportunity arises, we should answer the questions that Ohioans need answered. In this case, we are asked whether mothers who breast-feed can be fired from then- jobs for pumping their breasts in the workplace. That is, in its protection of pregnant workers in R.C. 4112.01(B), did the General Assembly include protection of women who are dealing with the aftereffects of their pregnancy? The lead opinion dodges the opportunity to provide an answer.
{¶ 52} Any court’s method of analyzing cases should ask (1) whether the plaintiff stated a cognizable cause of action and (2) whether the facts of the case support the alleged cause of action. It is unclear why, on this question of great general interest, this court has embarked on a backwards analysis, letting stand the appellate court’s holding that LaNisa Allen was fired for leaving her post without permission rather than for pumping her breasts in the employee washroom, thus leaving unanswered the question of whether she even asserted a cognizable cause of action. The trial court proceeded properly, although its conclusion was incorrect: it found as a matter of law that Ohio’s pregnancy discrimination laws do not apply to protect mothers who breast-feed their babies. It did as it should in ruling on a summary judgment motion: it gave the benefit of the facts to Allen and ruled on the law.
{¶ 53} Somehow, the appellate court lost its way, and this court has followed. In its six-paragraph decision, the appellate court concludes that Allen was not fired for pumping her breasts: “Rather, she was simply and plainly terminated as an employee at will for taking an unauthorized, extra break (unlike the restroom breaks which were authorized and available to all of the employees, appellant included).” Allen v. totes/Isotoner Corp. (Apr. 7, 2008) Butler App. No. CA200708-196. The appellate court does not explain why Allen’s trips to the restroom outside scheduled break times were different from the restroom trips other employees made outside scheduled break times. There is no evidence in the record about any limit on the length of unscheduled restroom breaks and no evidence that employees had to seek permission from a supervisor to take an unscheduled restroom break. There is evidence only that unscheduled bathroom breaks were allowed and that LaNisa Allen was fired for taking them. What made her breaks different?
{¶ 54} We accept cases not necessarily because of how the result might affect the parties in the individual case, but because of how a holding might affect other persons similarly situated. Ohio’s working mothers who endure the uncomfortable sacrifice of privacy that almost necessarily accompanies their attempt to remain on the job and nourish their children deserve to know whether Ohio’s pregnancy-discrimination laws protect them.
*229 Repper, Pagan, Cook, Ltd. and John H. Forg III, for appellant.
Taft, Stettinius & Hollister, Timothy Reilly, and Daniel J. Hoying, for appellee.
{¶ 55} I would hold in this case that employment discrimination due to lactation is unlawful pursuant to R.C. 4112.01(B), that clear public policy justifies an exception to the employment-at-will doctrine for women fired for reasons relating to lactation, and that LaNisa Allen deserves the opportunity — due to the state of the record — to prove her claim before a jury.